IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAUN E. CARPENTER, | § | |
| | § | No. 25, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 1305007301 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  April 13, 2015
Decided:    May 28, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

# **O R D E R**

This 28th day of May 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's reply,[1] and the record below, it appears to the Court that:

(1)    The defendant-appellant, Shaun Carpenter, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a).  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Carpenter's opening brief that his appeal is without merit.  We agree and affirm.

---

[1] The Court grants, *nunc pro tunc*, the appellant's request to reply to the State's motion.

(2) The record reflects that Carpenter pled guilty in May 2014 to one count of Possession of a Firearm by a Person Prohibited ("PFPP"). In exchange for his plea, the State dismissed twelve other charges against Carpenter. In his plea agreement, Carpenter conceded that he was subject to sentencing as a habitual offender and agreed to the State's sentencing recommendation of ten years at Level V imprisonment. The Superior Court granted the State's habitual offender motion and sentenced Carpenter, in accordance with his plea agreement, to ten years at Level V imprisonment followed by six months at Level IV and six months at Level III probation.

(3) Carpenter did not appeal. Instead, he filed a motion for sentence modification in July 2014 and a motion for correction of sentence in August 2014. The Superior Court denied the motion for modification of sentence on August 28, 2014. Carpenter did not appeal. On December 24, 2014, the Superior Court denied Carpenter's motion for correction of illegal sentence. This appeal followed.

(4) Carpenter raises two arguments in his opening brief on appeal. First, he contends that at the time of his offense in May 2013, the applicable PFPP statute only authorized a five year sentence for a person with two or more prior violent felony convictions.[2] He thus argues that the Superior

_____

[2] 11 *Del. C.* § 1448(e)(1)c (2007).

Court's imposition of a ten year sentence, which was not authorized by law until July 18, 2013,[3] was an unconstitutional sentence imposed in violation of *ex post facto* principles.  Carpenter also argues that the non-incarceration provisions of his sentence are illegal under 11 *Del. C.* § 4214(a) because suspension of sentence is not permitted under that statute.

(5)   After careful consideration of the parties' respective positions on appeal, we conclude that the judgment of the Superior Court must be affirmed.  A sentence is illegal when it exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[4]  In this case, Section 1448(e)(1)c set the *minimum* sentence that the Superior Court was required to impose.  But, Carpenter pled guilty as a habitual offender under Section 4214(a).  Under that statute, the Superior Court had discretion to impose a sentence "up to life imprisonment."[5]  The Superior Court's ten year sentence was well within the range of statutorily authorized sentences.  Moreover, contrary to Carpenter's second argument,

---

[3] *See* 79 Del. Laws c. 124.

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[5] 11 *Del. C.* § 4214(a) (2007).

no portion of the Superior Court's ten year prison sentence was suspended. The Superior Court was required by 11 *Del. C.* § 4204(l)[6] to impose a minimum six-month transition period at a lesser level of supervision to follow Carpenter's prison term. The probationary period following Carpenter's ten year prison sentence is required by law and is not illegal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] Section 4204(l) of Title 11 provides that, except for a life sentence or a death sentence, the Superior Court, for any prison sentence of one year or more, "must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back to society."